**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR ROBERTO QUIX, | No. 15-70303 |
| Petitioner, | |
| v. | Agency No. A092-196-432 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted July 26, 2016[**]

Before:      SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Edgar Roberto Quix, a native and citizen of Guatemala, petitions for review

of the Department of Homeland Security's ("DHS") January 23, 2015, order

reinstating his 2011 order of removal.  We have jurisdiction under 8 U.S.C. § 1252.

Our review is "limited to confirming the agency's compliance with the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008). The underlying reinstated removal order may only be reviewed for a "gross miscarriage of justice." *Id.* at 1138. We deny the petition for review.

Quix does not dispute the factual predicates for reinstatement. *See id.* at 1137 (listing the three determinations underlying a reinstatement order that may be reviewed). Quix has not established a gross miscarriage of justice in his underlying removal proceedings based on his transfer to detention in another state or his prior attorney's alleged failure to challenge the transfer as a due process violation. *See id.* at 1138.

**PETITION FOR REVIEW DENIED.**